**UNITED STATES OF AMERICA,**

v.

**Alfred A. MELE, Appellant.**

**No. 02–2884.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 24, 2003.

Decided March 26, 2003.

Before NYGAARD, AMBRO and LOURIE,* Circuit Judges.

OPINION

AMBRO, Circuit Judge.

The Appellant, Alfred Mele, pled guilty to charges of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and criminal conspiracy to commit interstate transportation of falsely made and forged securities, in violation of 18 U.S.C. §§ 371 and 2314, resulting from his participation in an odometer-rollback scheme. The Government recommended that the District Court depart downward two levels from the United States Sentencing Guidelines ("U.S.S.G."), pursuant to U.S.S.G. § 5K1.1, based on Mele's "substantial assistance" to law enforcement officers. Mele also requested a separate downward departure under U.S.S.G. § 5H1.4, in light of his serious health condition. The District Court granted the Government-recommended § 5K1.1 departure but denied

* Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

the § 5H1.4 departure, sentencing Mele to thirty months imprisonment, a special assessment of $200, and a fine of $40,000. Mele appeals the District Court's denial of a downward departure under § 5H1.4.

U.S.S.G. § 5H1.4 provides that "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." Mele argues that the District Court erred in not departing down from the U.S.S.G. in light of his history of prostate cancer, heart problems, and diabetes. He also contends that the District Court erred in imposing a sentence "at least twice as great as that of any other Co–Conspirator."

While we do not doubt the seriousness of Mele's condition, we lack jurisdiction to review the District Court's refusal to depart downward. We may only review a claim for downward departure when the District Court was not aware of its authority to do so. *United States v. Georgiadis*, 933 F.2d 1219, 1222 (3d Cir.1991) ("If we determine the district court was aware of its authority to depart from the Guidelines, and chose not to, we are without power to inquire further into the merits of its refusal to grant [appellant's] request."); *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir.1989); *see also United States v. Miele*, 989 F.2d 659, 668 n. 11 (3d Cir.1993). Here, the District Court was clearly aware of its authority to depart downward.

We also note the availability of federal healthcare facilities to attend to Mele's medical needs, as well as the fact that the thirty-month sentence the District Court imposed is seven months less than the Government-recommended sentence and sixteen months less than the sentence that the Court could have imposed without departing.

In this light, we lack jurisdiction to consider Mele's claim.